**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| BROCK SERVICES, LLC | § § § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability; and to provide appropriate relief to Jim L. Bailey. As alleged with greater particularity in paragraphs 12 - 19 below, Brock Services, LLC, discriminated against Jim Bailey, in violation of the ADA, by terminating his employment. Although his medical condition (glaucoma in his right eye) did not affect his ability to perform the essential functions of his job, the Brock safety manager and others terminated his employment because Defendant regarded Jim Bailey as having a disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights of Act of 1991, 42

U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas, Beaumont Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     Defendant Brock Services, LLC, is a Texas limited liability company.  At all relevant times, Brock Services, LLC, has been doing business in the State of Texas and the cities of Beaumont and Port Arthur, and has continuously had at least 15 employees.  Brock Services, LLC, has more than 500 employees.  Brock Services, LLC, may be served by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6.     At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Jim Bailey filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On December 12, 2018, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission attempted to engage in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. On April 11, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Jim Bailey was employed as a Scaffolding Builder Leadman at Defendant's worksite at an Exxon facility from October 2010 to February 2018, and he held that position at all relevant times until he was terminated in violation of the ADA.

13. On or about February 13, 2018 through February 21, 2018, Defendant engaged in unlawful employment practices at the Exxon worksite where Brock operated, located in Port Arthur, Texas, in violation of Sections 101 et. seq. of Title I of the ADA, 42 U.S.C. § 12101 et seq.,

14. Jim Bailey is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Jim Bailey has an impairment, glaucoma in his right eye, stemming from an old injury. However, Bailey's impairment did not affect his ability to perform the essential functions of his job, and he performed those functions through the time he was employed by Defendant. Nonetheless, Defendant discriminated against Jim Bailey because the Defendant regarded him as having a disability.

15. On or about February 13, 2018, a Safety Supervisor observed Jim Bailey wearing an eye patch under his shirt, not on his eye. The safety supervisor inquired why Bailey needed the eye patch. Upon learning of his impairment, Defendant asked Bailey to obtain a medical release.

16. Bailey immediately complied and on February 14, 2018, brought a Return to Work Employee Medical Evaluation form from West Coast Health Center. After evaluating Bailey, a nurse practitioner at West Coast Health Center noted Bailey had a vision impairment in his right eye, but placed no restrictions on his ability to return to work.

17. Defendant then asked Charging Party to obtain yet another evaluation. This time, a Safety Representative employed by Defendant placed an asterisk on the form next to a question about whether Bailey could see well, and then wrote a note describing Bailey's job duties. The Safety Representative placed his name immediately below the note. Charging Party took this form with him when he reported for his February 20, 2018, examination with a local optometrist.

18. On or about February 20, 2018, Charging Party submitted himself to another evaluation by a local optometrist, who noted that while Bailey had advanced glaucoma in his right eye which caused some restriction of his peripheral vision field and reduction of central acuity, he could "see well centrally" using both eyes. Again, the examining medical professional

placed no work restrictions on Bailey, even after reviewing the note written by the Defendant's Safety Representative.

19. Despite receiving these two releases from a nurse practitioner and optometrist clearing Bailey to return to work, Defendant demanded that Bailey be examined by the Defendant's medical contractor, Business Health Partners. A nurse practitioner employed by Business Health Partners examined Bailey's eyesight using the same machine used by an optometrist and, based on the results, completed a release form restricting Bailey from returning to work. Upon receipt of this third release, which contradicted the previous two releases, and despite Bailey's continued ability to perform the essential functions of his job, Defendant immediately terminated Bailey's employment.

20. The effect of the practices complained of in paragraphs 12 - 19 above has been to deprive Jim Bailey of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

21. The unlawful employment practices complained of in paragraphs 12-19 above were intentional.

22. The unlawful employment practices complained of in paragraphs 12-19 above were done with malice or with reckless indifference to the federally protected rights of Jim Bailey.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Brock Services, LLC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from firing or failing to hire employees with disabilities because of their disabilities, and

specifically from discriminating against workers based upon perceptions of their abilities or disabilities.

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and provide equal employment opportunities for workers whose impairments and disabilities are apparent, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant to make whole Jim Bailey, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of Jim Bailey, or, in the alternative, front pay.

  D. Order Defendant to make whole Jim Bailey by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-19 above, including job search expenses and medical expenses, in amounts to be determined at trial.

  E. Order Defendant to make whole Jim Bailey by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12-19 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Jim Bailey punitive damages for its malicious and reckless conduct, as described in paragraphs 12-19 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel
        Equal Employment Opportunity Commission
        131 M Street, N.E.
        Washington, D.C. 20507

        Rudy L. Sustaita
        Regional Attorney

        /s/ Timothy M. Bowne
        Timothy M. Bowne
        Acting Supervisory Trial Attorney
        Lead Attorney
        Texas Bar No. 00793371
        Equal Employment Opportunity Commission
        1919 Smith Street, Suite 600
        Houston, Texas 77002
        (713) 651-4914
        (713) 651-7995 [facsimile]
        timothy.bowne@eeoc.gov